IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20929
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ADAMS WATTS,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-163-1
- - - - - - - - - -

September 24, 1998

Before WISDOM, DUHE', and DeMOSS, Circuit Judges.

PER CURIAM:[*]

James Adams Watts appeals the sentence he received after his case was remanded for resentencing. He contends, for the first time on appeal, that the district court exceeded the scope of this court's remand order and violated the law of the case doctrine by re-sentencing him for conspiracy to commit robbery as

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

well as for bank robbery, and he argues that the district court erred in finding that two prior state-court convictions were "unrelated cases" under U.S.S.G. § 4A1.2(a)(2) for purposes of calculating his criminal history points.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed. The district court did not plainly err in recalculating Watts's sentence in a manner consistent with this court's mandate on remand. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc); United States v. Marmolejo, 139 F.3d 528, 530-31 (5th Cir. 1998), petition for cert. filed, (U.S. Jul. 20, 1998)(No. 98-5372). We do not address Watts's challenge to the computation of his criminal history score because this issue does not arise out of this court's original ruling and Watts did not raise the issue in his first appeal. See Marmolejo, 139 F.3d at 531.

Accordingly, the judgment is AFFIRMED.